IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JOHN CLAUDE YOWELL,** | ) | |
| Plaintiff, | ) | Civil Action No. 7:23cv00590 |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| **LT. MURRAY,** | ) | By:  Pamela Meade Sargent |
| Defendant. | ) | United States Magistrate Judge |

This matter is before the court on plaintiff John Claude Yowell's motion seeking a preliminary injunction, (Docket Item No. 18) ("Motion"), in this civil action filed under 42 U.S.C. § 1983.  Having reviewed the Motion, the court concludes that there is no basis for granting the requested relief and, therefore, will deny the Motion.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly.  *See Direx Israel, Ltd. v. Breakthrough Med. Corp.,* 952 F.2d 802, 811 (4th Cir. 1991).  As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a "clear showing" that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008).  The party seeking relief must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent."  *Direx Israel, Ltd.*, 952 F.2d at 812.  Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant preliminary injunctive relief.  *See Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991).

Applying those standards, the court concludes that the Motion must be denied. First, he seeks relief against the Virginia Department of Corrections, ("VDOC"), which is not a defendant in Yowell's suit, and therefore, the court has no jurisdiction over that entity in this case. The court may not grant injunctive relief against non-parties over whom it has no jurisdiction.

Further, Yowell has not shown that he is likely to suffer irreparable harm in the absence of preliminary relief. A prisoner's allegation that he suffered imminent danger in the past is insufficient to show the likelihood of irreparable harm in the future. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that allegations of past danger are not sufficient to prove imminent danger under the imminent danger exception to the three-strikes rule in 28 U.S.C. § 1915(g)).

Finally, the relief Yowell requests, a transfer out of VDOC custody, is not in the public interest. Transfer of an inmate is generally not an appropriate injunction for a federal court to issue, especially when the inmate is in state custody. *See Branham v. City of Lynchburg*, 644 F. Supp. 3d 215, 220 (W.D. Va. 2022). Administration of state prisons, including where prisoners are housed, is left to prison administrators who are in the position to evaluate prisoner needs, including prisoner safety; federal courts give high deference to the placement decisions of state prison officials. *See Branham*, 644 F. Supp. 3d at 220; *Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980).

For the reasons stated, it is hereby **ORDERED** that the Motion is **DENIED**.

The Clerk shall send a copy of this Memorandum Order to all counsel of record and unrepresented parties.

**ENTERED:** December 11, 2023.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE