CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 10, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
       DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JOHN CLAUDE YOWELL,** | ) |
|    Plaintiff, | ) Civil Action No. 7:23cv00590 |
| | ) |
| v. | ) **MEMORANDUM ORDER** |
| | ) |
| **LT. MURRAY, et al.,** | ) By:  Pamela Meade Sargent |
|    Defendants. | ) United States Magistrate Judge |

     This matter is before the court on plaintiff John Claude Yowell's motion seeking a preliminary injunction, (Docket Item No. 40) ("Motion"), in this civil action filed under 42 U.S.C. § 1983.  Having reviewed the Motion, the court concludes that there is no basis for granting the requested relief and, therefore, will deny the Motion.

     Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly.  *See Direx Israel, Ltd. v. Breakthrough Med. Corp.,* 952 F.2d 802, 811 (4th Cir. 1991).  As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a "clear showing" that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008).  The party seeking relief must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent."  *Direx Israel, Ltd.*, 952 F.2d at 812.  Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant preliminary injunctive relief.  *See Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991).

Applying those standards, the court concludes that the Motion must be denied. First, the Motion, itself does not seek any specific injunctive relief. The Motion, which is not sworn or made under penalty of perjury, requests the court "to place a temporary restraining order upon the two defendants…." (Motion at 1.)

Yowell has not shown that he is likely to succeed on the merits at trial. Yowell's Complaints,[1] which were signed under penalty of perjury, assert only that "Lt. Murray neglected my safety" by refusing to move him away from his cellmate. (Complaint, Docket Item No. 1 at 2.) Yowell's Complaints concede that Yowell never told the defendants that his cellmate posed a danger to him. (Complaint, Docket Item No. 1-2; Docket Item No. 31 at 2.) To prevail on an Eighth Amendment deliberate indifference claim, an inmate must show that the defendant public official was personally aware of facts indicating a substantial risk of serious harm, and the official actually recognized the existence of such a risk. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Further, Yowell has not shown that he is likely to suffer irreparable harm in the absence of preliminary relief. A prisoner's allegation that he suffered imminent danger in the past is insufficient to show the likelihood of irreparable harm in the future. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that allegations of past danger are not sufficient to prove imminent danger under the imminent danger exception to the three-strikes rule in 28 U.S.C. § 1915(g)). Here, Yowell states only that the defendants have "a past" of getting inmates "off camera" and putting "hands on inmates" or sending gang members to beat up inmates. (Motion at 2.) Yowell also states that "3 gang member[s] approach[ed] me stating 'the defendant(s) want[] to know what it will cost to drop the suit and if not [they]

---

[1] Yowell filed separate actions against Lt. Murray and Sgt. Frazier which have been consolidated under this case number. (Docket Item No. 1; Docket Item No. 31.)

may have to put their hands on me.'"(Motion at 2.) Again, none of these allegations are sworn.

Finally, the defendants have provided affidavits stating that they have not tried to get Yowell off camera or asked any person to find out what it would take for Yowell to drop his lawsuit. (Declaration of Lt. Frazier, Docket Item No. 44-1 at 2; Declaration of Lt. Murray, Docket Item No. 45-1 at 2.) Both deny that they pose any threat to Yowell's safety. (Declaration of Lt. Frazier, Docket Item No. 44-1 at 2; Declaration of Lt. Murray, Docket Item No. 45-1 at 2.)

Yowell also has not shown that the balance of equities tips in his favor or that an injunction is in the public interest. The defendants state that, in their current roles, that have little, if any, contact with Yowell. (Declaration of Lt. Frazier, Docket Item No. 44-1 at 2; Declaration of Lt. Murray, Docket Item No. 45-1 at 2.) They state that the only way to guarantee that they have no contact with Yowell is to transfer either Yowell or themselves to another Virginia Department of Corrections facility. (Declaration of Lt. Frazier, Docket Item No. 44-1 at 2; Declaration of Lt. Murray, Docket Item No. 45-1 at 2.) The defendants persuasively argue that an order preventing them from having any contact with Yowell or an order to transfer them to another VDOC facility would unnecessarily involve the court in the management of a VDOC facility. *See Bell v. Wolfish*, 441 U.S. 520, 548 (1979) (it is not the role of the federal courts to supervise state prisons).

For the reasons stated, it is hereby **ORDERED** that the Motion is **DENIED**.

The Clerk shall send a copy of this Memorandum Order to all counsel of record and unrepresented parties.

**ENTERED:**  April 9, 2024.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE